# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54776-7-II |
| Respondent, | |
| v. | |
| ANTHONY EDWIN PAUL, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Anthony Paul appeals his unlawful possession of a controlled substance conviction, arguing the statute he was convicted under is unconstitutional per the Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). The State concedes that Paul's conviction should be remanded for the trial court to vacate and dismiss. We accept the State's concession and remand to the trial court to vacate and dismiss Paul's conviction.

## FACTS

On June 13, 2016, the Washington Department of Fish and Wildlife (WDFW) served a search warrant at Paul's home for records and evidence relating to his tribal fishing business. During the search, WDFW found a bottle of hydrocodone in a gun safe. Several other people, in addition to Paul, had access to the safe. The State initially charged Paul with possession of a controlled substance with intent to deliver under RCW 69.50.401(1) and a firearm enhancement. The State eventually amended the information and charged Paul with one count of unlawful possession of a controlled substance—hydrocodone—under RCW 69.50.4013(1).

A jury convicted Paul of the single charge. On June 12, 2020, the court sentenced Paul to 30 days of confinement, converted to 240 hours of community service along with 12 months of community custody. Paul appeals his conviction.

ANALYSIS

Paul's opening brief was filed while *Blake* was pending before the Supreme Court. In it he argues that if the court finds RCW 69.50.4013(1) unconstitutional then his conviction must be "reversed." Br. of Appellant at 1. The State filed its brief after the court issued its *Blake* decision. In its brief, the State concedes that, pursuant to *Blake*, Paul's conviction under RCW 69.50.4013(1) must be remanded for the trial court to vacate and dismiss Paul's conviction.

RCW 69.50.4013(1) criminalizes the possession of a controlled substance. The statute does not require the State prove any mens rea element for a conviction. *Blake*, 197 Wn.2d at 176. Without a requisite mens rea element, the crime of possession is a strict liability crime—making possession of a controlled substance a felony "without [requiring] proof that the defendant even knew they possessed the substance." *Id.* at 173.

In *Blake*, the court found RCW 69.50.4013(1) unconstitutional. *Id*. The court reasoned that the federal and state constitutions' due process clauses do not allow strict liability offenses for potentially innocent, passive conduct. *Id.* at 179-80. The court ultimately held that because RCW 69.50.4013(1) does not require that the possessor have any knowledge that they possess the illegal substance, the statute unconstitutionally criminalizes potentially innocent, passive conduct. *Id.* at 183.

Because Paul's conviction rests on a now unconstitutional statute, his conviction is no longer valid. We remand to the trial court to vacate and dismiss Paul's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Veljacic, J._
Veljacic, J.

We concur:

_Worswick, P.J._
Worswick, P.J.

_Maxa, J._
Maxa, J.